IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID and SHIRLEY GARCIA,
Parents and Next Friends of DESHENNA
GARCIA, A Minor; JENNIFER DIANE
HILLEY and TANNIE EVERIDGE,

      Plaintiffs,

vs.                                              Civil No. 01-887 WJ/LCS

JAMES GARDNER, Individually and
as Principal of Hobbs High School; DAVID
PORTER; Individually and as Personnel
Director of the Hobbs Municipal Schools;
STAN ROUNDS, Individually and as
Superintendent of Hobbs Municipal Schools;
and HOBBS MUNICIPAL SCHOOLS;

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion to Dismiss by Defendants Stan Rounds ("Rounds") and David Porter ("Porter"), filed on August 23, 2001 **(Doc. 3)**. Plaintiffs are female students alleging violations of Title IX (20 U.S.C. §1681(a)) and 42 U.S.C. § 1983 in that Defendant Gardner ("Gardner"), while serving as principal, sexually harassed them by engaging in unlawful sexual touching during the period of 1998 - 2000. They also allege that Defendants Rounds and Porter made no effort to investigate or take action to remedy these assaults.[1]

---

[1] According to the complaint, Gardner engaged in the "touching and fondling breasts and buttocks"of Plaintiffs (¶ 6)Rounds and Porter were "personally advised and had actual knowledge of the reports of [Gardner's] unlawful sexual activities"(¶ 7); Gardner had engaged in similar unlawful practices upon "numerous other female students of the Hobbs Schools"; Rounds and

Defendants argue that Plaintiffs cannot sustain claims under either theory on the basis of only generalized reports of Gardner's unlawful conduct.[2] Defendants contend that there is no claim or allegation that any of the Plaintiffs Hilley, Everidge or Garcia had ever made any of the Defendants aware that *they* were the subject of sexual harassment by Gardner, and thus Rounds and Porter had no actual knowledge that Gardner was harassing the Plaintiffs.

A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

*Title IX Claim*

A recipient of federal education funds may be liable in damages under Title IX where a school district official who at a minimum has authority to institute corrective measures on the

---

Porter removed Gardner from contact with female students only after reports were made to the Hobbs Police Department (¶ 10).

[2] Defendants have abandoned one of their original grounds for dismissal, which contests the liability of Rounds and Porter as proper parties in the Title IX claim, as opposed to the educational institution. See Davis v. Monroe Cty Bd. of Educ., 526 U.S. 629, 640 (1999) (declining to extend damages liability under Title IX beyond bringing claim against the funding recipient); Clay v. Bd. of Trustee of Neosho County Comm. College, 905 F.Supp. 1488, 1495-96 (D.Kan. 1995) (citing to First and Third Circuit cases and declining to read 34 C.F.R.§ 100.7(e) as authorizing a Title IX claim against an individual instead of institutions who are "recipients"of federal funds)). Plaintiffs have since amended their complaint, without objection by Defendants, to include the Hobbs Municipal Schools as the proper party under a Title IX claim. (Doc. 20).

district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct. Davis v. Monroe Cty Bd. of Educ., 526 U.S. 629, 640 (1999) (citing Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 277 (1998) (Title IX's express means of enforcement--by administrative agencies--operates on an assumption of actual notice to officials of the funding recipient).

Parties have not submitted any case law which offers a definitive answer on this narrow question, nor have I uncovered any.[3] Nevertheless, I find sufficient guidance reading "between the lines" of Title IX case law to conclude that Plaintiffs' claims against Porter and Rounds are not precluded simply because the reports that were made to these school officials did not include Gardner's misconduct as to Plaintiffs in the present action. Cmp., e.g., Warren v. Reading Sch. Distr., 278 F.3d 163, 168-89 (3rd Cir. 2002) (where plaintiff did not complain to school officials, but parents of two other students did complain to the high school principal, court held that evidence was not sufficient to establish actual knowledge of a sexual relationship because those complaints involved only improper class room comments by teacher);[4] Davis v. Monroe County Board of Education, 526 U.S. 629, 647 (1999) (notice on the part of a school district of severe

---

[3] Plaintiffs' reference to the standards followed in Eighth Amendment and municipal liability claims are not particularly helpful or dispositive when dealing with this Title IX case, notwithstanding similar "deliberate indifference" language. Cmp., e.g., Curry v. Scott, 249 F.3d 493, 507, n.6 (6th Cir. 2001) ("deliberate indifference" standards used in Title IX and municipal liability claims are non-transferable to Eighth Amendment claim at bar because those standards apply to "entirely different sets of "preconditions and concerns").

[4] The court in Warren noted that the plaintiff in Gebser v. Lago Vista Independent School Dist., 524 U.S. 274 (1998) also never made a complaint to school officials. However, in that case, no other reports were made by any other students, either. The teacher in Gebser was arrested after the couple was discovered having sex.

and *repeated* acts of sexual harassment by fellow students may form the basis of a Title IX claim) (emphasis added).

My analysis is colored also by a sense of the preventive and remedial purposes of Title IX. See,e.g., Gebser, 524 U.S. at 289 (a sexual harassment claim brought under Title IX cannot succeed unless the defendant was deliberately indifferent in the face of acts of harassment of which it had knowledge, regardless whether the claim is brought against teachers or against students); see also Murrell v. Sch. Distr.No.1, Denver Colo., et al.,1999 WL 569138 (10th Cir.(Colo.)) (in Title IX peer harassment claim, holding that school district can be liable where "it has made a conscious decision to permit sex discrimination in its programs, and precludes liability where the school district could not have remedied the harassment because it had no knowledge thereof or had no authority to respond to the harassment").

When addressing a Federal Rule of Civil Procedure 12( b)( 6) motion to dismiss, I am required to accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the non-moving party. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). Plaintiffs here allege that Porter and Rounds were "personally advised and had actual knowledge" of reports of Gardner's unlawful sexual activities as recently as 1998 directed toward female students, but took no action. Complaint, ¶¶ 7, 8. Cmp, e.g., P.H. v. Sch. Distr. of Kansas City, Mo., 265 F.3d 653, 660 (8th Cir. 2001) (isolated complaint that was nearly 20 years old at the time of the abusive conduct was not "itself a sufficient basis on which to infer that the [defendant school district] had notice of the improper sexual contact. . ."). While these reports do not allege misconduct by Gardner toward Plaintiffs Garcia, Hilley and Everidge, the complaint states that Porter and Rounds were on notice as to

4

Gardner's misconduct as to other female students which they did nothing to address or correct. Such allegations are consistent with Plaintiffs' claims that Defendants' deliberate indifference gave rise to their injuries. Accordingly, these allegations are sufficient to withstand a motion to dismiss. Whether the contours of the alleged notice were enough to trigger liability under Title IX, and whether Defendants acted with the requisite deliberate indifference are left for a later time in this lawsuit.

*Section 1983 Claim*

Plaintiffs' bare-bones complaint alleges this Court's jurisdiction under 42 U.S.C. § 1983, but fails to specify what right, privilege or immunity was violated under the federal constitution. The Court is still in the dark even after reviewing Plaintiffs' response to the motion to dismiss: it refers to two cases involving Eighth Amendment claims and two cases involving state criminal charges. Because Rounds and Porter are school superintendent and personnel director, respectively, I may at least assume that claims against these Defendants are based on a supervisory liability theory since Plaintiffs are attempting to hold them liable for Gardner's conduct.

As with municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of respondeat superiors. Monell v. Dept. of Social Services, 436 U.S. 658, 691-95 (1978); Gagan v. Norton, 35 F.3d 1473, 1476 (10th Cir. 1994). Rather, a plaintiff must establish a "deliberate, intentional act by the supervisor to violate constitutional rights." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (citing Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992)). Following the lines of the discussion above, then, it should be clear that Plaintiffs' § 1983 claims, which do not require "actual notice" of unlawful sexual conduct, also

withstand dismissal on the grounds raised by Defendants in their motion.  Cmp., Stoneking v. Bradford Area School District, 882 F.2d 720, 726 (3d Cir.1989), cert. denied, 493 U.S. 1044 (1990) (fact that plaintiff did not complain to defendants about a school employee's sexual misconduct was not dispositive where there was adequate evidence that defendants were on notice of complaints of sexual harassment of other students by teachers and staff at the school);[5] Doe v. Gooden, 214 F.3d 952, 954 (8th Cir. 2000) (looking to see whether school superintendent received notice of a *pattern* of unconstitutional acts) (emphasis added).

**THEREFORE**,

**IT IS ORDERED** that the Motion to Dismiss by Defendants Stan Rounds and David Porter **(Doc. 3)** is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[5] The analysis in Stoneking was in the context of a qualified immunity defense but is instructive to our inquiry here as to whether Defendants' lack of knowledge as to Gardner's conduct toward Plaintiffs is crucial.